IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ANDERSON ALEXANDER,                                                                PETITIONER
Reg. #08919-043

VS.                          NO. 2:09-CV-00175-BSM-BD

T.C. OUTLAW, Warden
Federal Correctional Complex,
Forrest City, Arkansas                                                             RESPONDENT

RECOMMENDED DISPOSITION

I.      Procedure for Filing Objections

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from receipt of the recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.    Background:**

On May 9, 2006, Petitioner Anderson Alexander pleaded guilty in the District Court for the Southern District of Mississippi to one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). *Alexander v. United States*, No. 3:06cr434, 2007 WL 142181, *1 (S.D.Miss. Jan. 16, 2007). On July 21, 2006, the District Judge sentenced Petitioner to a 180-month term in federal prison, to be followed by three years of supervised release. *Id*.

Mr. Alexander filed a motion to vacate, set aside, or correct his sentence with the sentencing court under 28 U.S.C. § 2255. In the motion, Petitioner claimed: (1) his sentence under 18 U.S.C. § 924(e) was unconstitutional; and (2) his counsel was ineffective for failing to file a notice of appeal in the underlying criminal case as he requested. *Id*.

On January 16, 2007, the court entered an opinion and order denying Petitioner's motion to vacate and entered a final judgment dismissing Petitioner's case with prejudice. *Id*. The court found that Petitioner had waived his right to assert a challenge to his sentence in the plea agreement, and the Fifth Circuit Court of Appeals has recognized the validity of these types of waivers. *Id*. at *2. The court also held that, even if Petitioner

had not waived his right to challenge his sentence, the sentence was not unconstitutional because it did not exceed the statutory maximum authorized by the facts. *Id*.

On the ineffective assistance of counsel claim, the court held that because Petitioner clearly and unambiguously waived his right to appeal, and his ineffective assistance claim did not relate to the voluntariness of his waiver, Petitioner's counsel was not unconstitutionally ineffective for not filing an appeal. *Id*. at *3. The court denied Petitioner's motion for reconsideration of the opinion and order on February 5, 2007.

On February 5, 2007, Petitioner filed a "Motion for Traverse" with the sentencing court. *Alexander v. United States*, No. 3:06cr434, 2007 WL 642948, *1 (S.D.Miss. Mar. 2, 2007). In the motion, Petitioner raised two new claims: (1) he did not knowingly or voluntarily waive his right to appeal; and (2) his prior state convictions did not constitute felonies for federal sentencing purposes. *Id*. The court denied the motion finding that it was an unauthorized successive petition under 28 U.S.C.§ 2255. *Id*.

Petitioner filed a notice of appeal and motion for certificate of appealability with the Fifth Circuit Court of Appeals to challenge the denial of the motion to vacate. The Fifth Circuit denied the motion and dismissed the appeal. See *United States v. Alexander*, No. 07-60242 slip op. (5th Cir. Feb. 19, 2008).

On February 8, 2008, Petitioner filed a motion for relief from final judgment with the sentencing court under Federal Rule of Civil Procedure 60(b) claiming that his sentence, which was imposed under the enhancement provision of 18 U.S.C. § 924(e),

was unconstitutional. The court denied the motion finding it was a successive attempt to seek post-conviction relief under 28 U.S.C. § 2255 without prior authorization from the appellate court. On October 3, 2008, the Fifth Circuit denied Petitioner's request for a certificate of appealability and motion to proceed *in forma pauperis*. See *United States v. Alexander*, No. 08-60326 slip op. (5th Cir. Oct. 21, 2008).

On December 2, 2008, Petitioner filed a motion for retroactive application of the sentencing guidelines to a crack cocaine offense under 18 U.S.C. § 3582 in which he again argued his sentence under 18 U.S.C. § 924(e) was unconstitutional. In its opinion and order denying the motion, the District Court found that, even if the relevant amendments to the Sentencing Guidelines had been in place at the time Petitioner was sentenced, there would be no change in the guideline range. The Court went on to address Petitioner's claim that his sentence was unconstitutional and again held that the claim was an unauthorized, successive petition under 28 U.S.C. § 2255.

Petitioner filed a notice of appeal with the Fifth Circuit challenging the District Court's order denying the Rule 60(b) motion. On October 16, 2009, the Fifth Circuit entered a final judgment granting the appellee's motion for summary affirmance of the District Court's order denying the motion. See *United States v. Alexander*, No. 09-60054 slip op. (5th Cir. Oct. 16, 2009).

In his petition for a writ of habeas corpus filed with this Court under 28 U.S.C. § 2241, Petitioner's only claim is that the sentencing court unlawfully enhanced his sentence under 18 U.S.C. § 924(e). (Docket entry #1) Petitioner asks this Court to "[v]acate, set aside the unlawful enhancement pursuant to [18 U.S.C.] 924(e) and remand the case back to the sentencing district for resentencing." (#1 at p. 6) For the reasons which follow, the Court recommends that the District Court summarily dismiss the petition for a writ of habeas corpus for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

### III. Subject Matter Jurisdiction:

Inmates contesting the lawfulness of their federal convictions and the sentences imposed generally must bring a motion in the sentencing court to vacate, set aside or correct their sentence, under 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, is appropriate if the inmate is attacking the execution of a sentence, or the manner in which the sentence is being carried

---

[1] Rule 4 provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although the Rules Governing Section 2254 Cases are directly applicable to habeas petitions filed by state prisoners under 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases; see also *White Horse v. United States*, 2009 WL 3769520 at *1 (D.Minn. Nov. 10, 2009); *Brown v. Missouri*, 2009 WL 962821 at *2 (E.D.Mo. April 8, 2009).

out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002).

In this case, Petitioner's claim clearly challenges the validity of his sentence, not his conviction or the execution of his sentence. In his petition, Petitioner states, "[n]either the question of petitioner's guilt nor the advisability of his conviction should be reexamined but only his sentence." (#1 at p. 12) Petitioner's first § 2255 motion was denied; and his appeal of that denial was unsuccessful. See *United States v. Alexander*, No. 07-60242 slip op. (5th Cir. Feb. 19, 2008). As set forth in detail above, his subsequent attempts to obtain relief from the sentencing court also have been rejected.

Because the sentencing court has already denied Petitioner relief, this Court cannot entertain Petitioner's § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

Title 28 U.S.C. § 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

To take advantage of the savings clause, a petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court under 28 U.S.C. § 2255. *Abdullah*, 392 F.3d at 959. This is a "narrowly circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).

The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission to file a second or successive § 2255 motion, or because a § 2255 petition is time-barred. *Id*. Thus, a habeas petitioner cannot file a § 2241 petition in the district of incarceration merely because he no longer has avenues for relief in the sentencing district.

In this case, Petitioner has failed to meet his burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court. As set forth above, Petitioner had the opportunity to raise, and did raise, the same claim raised in this petition with the sentencing court. See *Abdullah*, 392 F.3d at 960 (holding § 2255 relief was adequate when petitioner had an unobstructed procedural opportunity to raise his claim). Accordingly, the Court does not have jurisdiction to entertain his petition under 28 U.S.C. § 2241.

**IV.     Conclusion**

For the reasons set forth above, the Court recommends that the District Court summarily dismiss Petitioner's petition for writ of habeas corpus (#1).

DATED this 3rd day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE